[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, NANCY CORNING'S MOTION TO STRIKE (#112)
The Plaintiff, William Lawrence, brings this action in the First Count of the Complaint, against his sister, Nancy Coming, alleging, it appears, some type of fraud in inducing the Plaintiff to waive his interest in the distribution of the Estate of M. Louise Mancusi, the late mother of both the Plaintiff and the two named defendants, and in the Second Count of the Complaint, against his sister, V. Judith Schmus, Executrix of the Estate of M. Louise Mancusi, seeking to have a constructive trust imposed upon the doings of the said V. Judith Schmus, as Executrix of the Estate of M. Louise Mancusi.
The Defendant, Nancy Coming, has filed a Motion to Strike the First and Second Counts of said Complaint and seeking further to strike the Second, Third, Fourth, Fifth and Sixth Prayers for Relief of said Complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "For the purpose of a motion to strike, the moving party admits all facts well-pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks) Faulkner v. United Technologies Corp., supra, 580.
The Defendant, Corning, seeks first to Strike the First Count by claiming that said count does not state a claim upon which relief may be granted. Even construing the facts as pled in the First Count in a light most favorable to the Plaintiff, it is difficult for the court to discern what is the basis of claim in the First Count. Clearly, the Plaintiff has not pled sufficient facts in the First Count to support a claim for the imposition of a constructive trust. Nor has the Plaintiff pled sufficient facts to support a claim premised upon fraud on the part of the Defendant, Nancy Corning.
As regards the Second Count of the Complaint, which Count is directed only against the Defendant, V. Judith Schmus, as Executrix of the Estate of M. Louise Mancusi, the Plaintiff has done little more that to allege that the Plaintiff is entitled to have a trust imposed upon the doings of the Executor in order to protect the interests of the Plaintiff. No other CT Page 6449 facts are alleged that would support a claim to have a constructive trust imposed.
The Motion to Strike Counts One and Two of the Complaint is accordingly granted as are all of the prayers for relief which are necessarily premised upon the said stricken counts of the Complaint.
BY THE COURT
 _____________________ CARROLL, JUDGE